Mallory S. LOFTUS, as trustee for the heirs and next of kin of C.D.L., decedent, Respondent,

v.

HENNEPIN COUNTY, through its agents and employees, including Hennepin County Children and Family Services Department, Appellant,

JoAnne Beard, Respondent.

No. C4–98–1994.

Court of Appeals of Minnesota.

April 13, 1999.

Stephen J. Foley, Cynthia R. Bartell, Foley & Mansfield, P.L.L.P., Minneapolis, MN (for respondent Loftus)

James R. Peterson, Legal Assistance to Minnesota Prisoners, Emily M. Rome, Certified Student Attorney, Minneapolis, MN (for respondent Beard)

Mike Hatch, Attorney General, James S. Alexander, Assistant Attorney General, St. Paul, MN (for appellant)

Considered and decided by PETERSON, Presiding Judge, DAVIES, Judge, and HALBROOKS, Judge.

## OPINION

DAVIES, Judge.

Appellant Hennepin County, asserting licensing immunity, contests the district court's denial of its motion to dismiss respondent's wrongful death complaint. We affirm.

---

1. Beard, convicted of second-degree felony murder for Calvin Loftus's death and currently imprisoned, filed a cross-claim against appellant for contribution and submitted an appellate brief. This court ordered the contribution portion of

## FACTS

Hennepin County is the defendant in a wrongful death suit brought by respondent Mallery Loftus, whose son Calvin died from injuries he suffered at a family day-care center run by respondent JoAnne Beard.[1] Appellant, which inspects and licenses all family day-care facilities located in Hennepin County, allegedly knew of dangerous conditions at Beard's center but negligently failed to investigate them before licensing the center.

Appellant moved to dismiss Loftus's suit, asserting licensing immunity under the State Tort Claims Act, Minn.Stat. § 3.736, subd. 3(j) (1998), as interpreted in *Andrade v. Ellefson*, 391 N.W.2d 836, 840 (Minn.1986). The district court denied appellant's motion, holding that: (1) the limited immunity provided by the Municipal Tort Claims Act, Minn.Stat. § 466.03, subd. 6d (1998), applied to Loftus's claims; and (2) Loftus's claims were not barred by that act. This appeal followed.

## ISSUE

Is respondent's wrongful death claim subject to the licensing immunity provisions of the State Tort Claims Act, Minn.Stat. § 3.736, subd. 3(j) (1998), or subject to the narrower immunity provisions of the Municipal Tort Claims Act, Minn.Stat. § 466.03, subd. 6d (1998)?

## ANALYSIS

Interpretation of statutes is subject to de novo review. *Bol v. Cole*, 561 N.W.2d 143, 146 (Minn.1997). "[S]tatutorily created immunity should be construed narrowly." *Id.* at 147.

The State Tort Claims Act provides that the state and its employees are not liable for

a loss based on the failure of a person to meet the standards needed for a license,

Beard's brief struck. *Loftus v. Hennepin County*, No. C4-98-1994 (Minn.App. Feb.9, 1999) (order op.). Beard has no other claim that requires review at this time.

permit, or other authorization issued by the state or its agents.

Minn.Stat. § 3.736, subd. 3(j) (1998). Subdivision 6d of the Municipal Tort Claims Act grants narrower immunity, providing that municipalities are not immune in licensing matters if

> the municipality had actual knowledge of a failure to meet licensing standards that resulted in a dangerous condition that foreseeably threatened the plaintiff.

Minn.Stat. § 466.03, subd. 6d (1998). The Municipal Tort Claims Act defines "municipality" to include counties. Minn.Stat. § 466.01, subd. 1 (1998).

 Appellant argues that it acted as a state employee by inspecting and licensing Beard's family day-care facility, and that the State Tort Claims Act bars Loftus's claim. Appellant relies on *Andrade v. Ellefson,* in which the supreme court held that

> when the county acts for the state in performing a responsibility assigned to the state but delegated by it to the county, * * * the county partakes in the state's immunity.

*Andrade v. Ellefson,* 391 N.W.2d 836, 840 (Minn.1986). In *Andrade,* the supreme court reasoned that counties act as state "employees" when they inspect and license family day-care facilities. *Id.*

The problem with appellant's argument is that the Municipal Tort Claims Act, as quoted above, was not applicable to the facts in *Andrade.* The *Andrade* decision itself contains no reference to subdivision 6d, which was enacted during the interim between this court's *Andrade* decision [2] and the supreme court's reversal of that decision. *See* 1986 Minn. Laws ch. 395, § 14 (enacting subdivision 6d). Appellant impliedly asserts that subdivision 6d was negated by the supreme court's decision in *Andrade.* Although subdivision 6d does not, on its face, reverse the supreme court's rationale in *Andrade*—that counties act as "employees" of the state when they inspect and license family day-care facilities—the legislature is not required to foresee, and explicitly reject, subsequent judicial reasoning.

Subdivision 6d, by its terms, is clearly applicable to the facts of this case. *See* Minn.Stat. § 645.16 (1998) (letter of law must be followed when words of law are clear and unambiguous in their application to specific situation). To hold that subdivision 6d does not apply to the facts of this case would require us to ignore the plain language of the statute. We refuse to do so. The bottom line is that *Andrade* does not control the result in this case, as it was decided under a statutory framework different from the present case.

 Under Minn. R. Civ. P. 12, we must presume that the facts alleged in respondent's complaint are true for purposes of appellant's motion to dismiss. *Hardrives, Inc. v. City of LaCrosse,* 307 Minn. 290, 296, 240 N.W.2d 814, 818 (1976). We, therefore, assume that appellant "had actual knowledge of a failure to meet licensing standards" in Beard's day-care facility. Minn.Stat. § 466.03, subd. 6d. This presumed failure to meet licensing standards also presumably "resulted in a dangerous condition that threatened" Calvin Loftus. *Id.* Respondent's claims meet the statutory standards required to avoid the immunity bar of the Municipal Tort Claims Act.

## DECISION

The district court properly denied appellant's motion to dismiss.

**Affirmed.**

**2.** *Andrade v. Ellefson,* 375 N.W.2d 828, 833 (Minn.App.1985).